UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>JEROME ISHAM,<br><br>    Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on the Motion for Review of Detention Order filed by Defendant Jerome Isham. Dkt. #360. The Court has determined that oral argument is unnecessary. Mr. Isham moves for reconsideration of Magistrate Judge Donahue's August 16, 2018, Order that he be detained pending trial, Case No. 18-cr-199-JCC, Dkt #21. Mr. Isham's reasons for bringing this Motion now, after being detained for almost two years, are 1) that the COVID-19 pandemic is a significant change in circumstances imposing an unreasonable risk of harm from contagious disease while he is held in detention, and 2) the conditions of confinement where he is detained pose an unreasonable risk of future harm and deprive him of effective assistance of counsel. Dkt. #360 at 4–5. Mr. Isham is currently being detained at the Federal Detention Center ("FDC") in SeaTac, Washington, where he alleges that he has been denied access to the law library and that he is unable to review discovery materials provided by his

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 1

defense counsel. *Id.* He has been informed that legal visitation may resume at the end of June, 2020. *Id.* at 5. Mr. Isham does not cite to any personal medical issues or COVID-19 risk factors. He does not articulate any issue with his detention at FDC that could not be said to apply to every other detainee.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(b), which provides that "If a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . or an offense under section 924(c) . . . of title 18 of the United States Code . . .

18 U.S.C. § 3142(e).

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 2

Defendant has accurately recounted the charges facing Defendant Isham and the procedural history of this case, Dkt. #360 at 2–4, and the Court finds it unnecessary to restate all of this background information as it is well known to the parties. Defendant is alleged to have been involved in the distribution of over 400 grams of fentanyl pills, as well as the distribution of furanyl fentanyl pills. Dkt. #279 at 1-2. These carry a mandatory minimum penalty of ten years in prison. Defendant is also facing a five-year mandatory minimum consecutive sentence.

As an initial matter, the Court finds that generalized concerns over the current COVID-19 pandemic alone are not a valid basis to reopen the issue of detention. A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant's main basis to reopen detention relies on speculation as to the risk he faces of contracting the disease at the FDC, where the new coronavirus has not been detected, without any analysis of his personal risk factors. The Court finds that Defendant's information is too speculative and generalized to have a material bearing on the above issues.

There is a presumption of detention in this case because Defendant is facing a ten-year mandatory minimum term of imprisonment. Even if Defendants' new COVID-19 information was not speculative, the Court finds that Defendant's age and lack of any underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group. This is a significant point. Although the parties can debate whether or not the new coronavirus is or will be spreading at the FDC, the Court is not convinced that this constitutes a significant

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 3

enough risk to this Defendant's health to warrant release given the initial bases for Judge Donahue to order detention. *See* Case No. 18-cr-199-JCC, Dkt #21.

Defendant also argues that he is being deprived of his Sixth Amendment right to counsel given the limitations on attorney visits at the FDC and lack of access to the law library. Dkt. #360 at 4–5. Defendant is still able to communicate with counsel via telephone, although his access has apparently been delayed or disrupted due to the FDC's efforts at social distancing. The Court finds that, under the circumstances, this is sufficient to provide Defendant with access to counsel. Mr. Isham's access to the law library should resume soon. Future issues with his ability to review discovery materials can be addressed in a separate order if necessary and do not alone warrant release.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion for Review of Detention Order filed by Defendant Jerome Isham, Dkt. #360, is DENIED.

DATED this 26th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 4