UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>JEROME ISHAM,<br><br>　　　　　Defendant. | CASE NO. CR18-217RSM<br><br>ORDER DENYING SECOND MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on the Defendant Jerome Isham's "Third Motion and Memorandum in Support of Reopening Detention Hearing."[1]  Dkt. #642.  The Court has determined that oral argument is unnecessary.  Mr. Isham again moves for reconsideration of Magistrate Judge Donahue's August 16, 2018, Order that he be detained pending trial, Case No. 18-cr-199-JCC, Dkt #21.

The Court has previously addressed Mr. Isham's concerns regarding contracting COVID-19 while in detention.  *See* Dkt. #382.  The Court incorporates by reference the facts contained therein and the Court's recitation of the appropriate legal standards.  In that Order, the Court concluded:

> There is a presumption of detention in this case because Defendant is facing a ten-year mandatory minimum term of imprisonment.

---

[1] The Court believes this is actually Mr. Isham's *second* motion to reopen his detention hearing.  *See* Dkt. #360.

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 1

> Even if Defendant's new COVID-19 information was not speculative, the Court finds that Defendant's age and lack of any underlying medical conditions would not make him particularly vulnerable or otherwise part of a high-risk group. This is a significant point. Although the parties can debate whether or not the new coronavirus is or will be spreading at the FDC, the Court is not convinced that this constitutes a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge Donahue to order detention. See Case No. 18-cr-199-JCC, Dkt #21.
>
> Defendant also argues that he is being deprived of his Sixth Amendment right to counsel given the limitations on attorney visits at the FDC and lack of access to the law library. Dkt. #360 at 4–5. Defendant is still able to communicate with counsel via telephone, although his access has apparently been delayed or disrupted due to the FDC's efforts at social distancing. The Court finds that, under the circumstances, this is sufficient to provide Defendant with access to counsel. Mr. Isham's access to the law library should resume soon. Future issues with his ability to review discovery materials can be addressed in a separate order if necessary and do not alone warrant release.

Dkt. #382 at 3–4.

Mr. Isham brings this Motion now to inform the Court that he has contracted COVID-19. His counsel states in briefing that "[h]e is now infected with the virus and faces the prosect [sic] of long-term health complications because of it. Continued detention will increase the risk to his health. He does not deserve to either die or become so physically compromised that he would become disabled." Dkt. #642 at 1. His counsel states, "[n]ow that Mr. Isham has contracted the virus, his medical condition is so grave that not only is he at risk of not being physically able to proceed to trial, but the aftereffects of the virus may (1) affect his competency to proceed to trial and (2) cause permanent physical damage to him." *Id.* at 6. This assertion is not supported by citation and strikes the Court as an attempt by legal counsel to provide a medical diagnosis. Later, his counsel acknowledges that Mr. Isham "faces as-of-yet unknown medical conditions resulting from his infection..." *Id.* at 10. Mr. Isham's counsel argues that he is "vulnerable to

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 2

complications from a COVID-19 infection," citing to the fact that Mr. Isham is black, male, and has a history of drug use. *Id*. at 11. The Motion then boldly states that Mr. Isham is now a "COVID-19 victim and a longhauler," arguing without citation that "[s]urvivors of the virus call themselves 'long haulers.'" *Id*. Mr. Isham's counsel cites to half a dozen media reports and the declaration of Tara Vijayan, M.D. filed in a California case, then states without citing any specific source that "COVID-19 survivors are arriving at their doctors' offices and emergency rooms with mysterious and debilitating symptoms. They have fatigue, coughing, headaches and other symptoms that on their face appear to be mild. Others are debilitating and possibly deadly, including strokes, lung and brain damage." *Id*. at 12. Mr. Isham has not been diagnosed with any of these symptoms, he has not submitted a declaration stating he has any of these symptoms, and has not relayed any of these symptoms to his counsel other than headaches. Mr. Isham's counsel then melodramatically states, again without citation, that [t]he primary method for determining the extent of damage done to an individual has [sic] contracted the COVID-19 virus is through an autopsy." *Id.* The Motion continues in this fashion.

Mr. Isham has not submitted any medical records to support any of this, instead relying on media reports and declarations from medical professionals who have not examined him. Mr. Isham has not submitted a declaration describing his symptoms. The Court's only information about Mr. Isham's medical situation is from the briefing of his attorney, who relates Mr. Isham's self-reported symptoms thusly:

> Today is December 21st and things have taken a turn for the worse. My test came back positive for covid-19, as well as about 30 people in my unit. I am devastated! My anxiety is through the roof and to be honest I don't want to die in prison.
> ….
> I clearly can't work on my case or contact you in a timely manner. My symptoms are crazy, body aches, no sense of smell, no taste, headaches, sore throat, stuffy nose, shortness of breath. Will there

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 3

>be long term effects? I new [sic] my unit was going to get it, it was just a matter of time. We had a different C.O. in our unit every morning for 2 weeks straight, what did they think was going to happen. I really hope that detention hearing gets granted. I don't know how much more of this I can take.

*Id.* at 8.[2]

The Government has attached Mr. Isham's medical records, which indicate that he has tested positive for the novel coronavirus. *See* Dkt. #649 (filed under seal). There is no record of any symptoms or treatment. Mr. Isham has not updated the Court with any news as to the worsening of his condition since this Motion was filed last month.

The Court is extremely concerned about the health risks facing detainees at the FDC given the outbreak of COVID-19 there. However, this generalized concern is not enough to warrant the general release of all detainees, and this has previously been explained to Mr. Isham and all the counsel in this case. There is even less justification for releasing all inmates who have tested positive for COVID-19 with mild symptoms.

Instead, the Court is required to look at Mr. Isham's individual situation, which the Court does not take lightly. A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Just as before, Mr. Isham speculates as to the health risks he is facing. Although all COVID-19 patients face some risk of future complications, Mr. Isham's counsel does not serve his client well by exaggerating the situation. Mr. Isham has

---

[2] These quotes are taken from "Letter from Jerome Isham to counsel, dated December 21, 2020 and received December 28, 2020" but no such letter is attached as evidence. The Court has no reason to doubt that these statements were made to Mr. Isham's attorney and are accurate.

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 4

apparently reported the following symptoms: body aches, no sense of smell or taste, headaches, sore throat, stuffy nose, and shortness of breath. There is no evidence that Mr. Isham's symptoms will be permanent or that he is a "long hauler." There is absolutely no evidence that he will become "disabled," or is on the verge of suffering a stroke, or has lung or brain damage. He is not scheduled for an autopsy.

Perhaps most importantly, Mr. Isham has not convinced the Court that he currently requires *any* medical treatment, or that whatever treatment he may require based on these symptoms cannot be provided at the FDC.

The Court finds that Mr. Isham's information above is too speculative and generalized to have a material bearing on the above issues. Even if Mr. Isham were to now provide medical records showing that he has body aches, no sense of smell or taste, headaches, sore throat, stuffy nose, and shortness of breath, remaining at the FDC with these symptoms does not constitute a significant enough risk to this Defendant's health to warrant release given the initial bases for Judge Donahue's detention order. *See* Case No. 18-cr-199-JCC, Dkt #21. The Court will deny this Motion on those bases.

To the extent that Mr. Isham raises other issues, such as access to counsel, the Court finds that it has already addressed such in its prior Order and finds no reason to deviate from its prior analysis. The Court further finds that it will not grant this Motion based on issues raised for the first time in Mr. Isham's Reply because the Government has not had an opportunity to respond. *See*, *e.g.*, Dkt. #650 at 3 ("Mr. Isham urges the Court to review the specifics of his criminal history, believing that the government intentionally overstated it to the Court in previous detention hearings…. On October 7, 2020, the Court vacated its detention order for codefendant Lugo and released Mr. Lugo on an appearance bond with appropriate conditions…. Mr. Isham

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 5

believes that the only conclusion the Court can then reach is that there is no material distinction between the two men, and that an order releasing Mr. Isham on appropriate conditions is warranted.").

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Second Motion for Review of Detention Order filed by Defendant Jerome Isham, Dkt. #642, is DENIED.

DATED this 14th day of January, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 6