THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   | UNITED STATES OF AMERICA,

CASE NO. CR18-0217-JCC-9

10              Plaintiff,

ORDER

11              v.

12  | JEROME ISHAM,

13              Defendant.

14

15      This matter comes before the Court on Defendant's motion to amend his presentence

16  report ("PSR") and/or the statement of reasons ("SOR"), and for a judicial recommendation for

17  halfway house placement under the Second Chance Act (Dkt. No. 1101). Having thoroughly

18  considered the briefing and relevant record, the Court GRANTS in part and DENIES in part the

19  motion for the reasons explained herein.

20      Defendant was convicted of various drug offenses and of unlawful possession of a

21  firearm in 2021. (*See* Dkt. No. 859.) He was subsequently sentenced to 120 months of

22  confinement, followed by five years of supervised release. (*See* Dkt. Nos. 970, 980.) In doing so,

23  this Court adopted the PSR but disregarded the portions of it to which Defendant objected. (*See*

24  Dkt. Nos. 981 at 1, 1024 at 11–12.) This included the United States Probation Office's

25  recommendation that Defendant's offense level be increased by two points based on his

26  possession of a dangerous firearm under USSG § 2D1.1(b)(1). (*See id.*) Now, more than two

ORDER
CR18-0217-JCC-9
PAGE - 1

1  years after sentencing, Defendant moves to either (1) amend the final PSR by deleting the two-

2  point gun enhancement, or (2) amend the SOR and order the Bureau of Prisons ("BOP") to

3  waive consideration of the two-point enhancement. (*See* Dkt. No. 1101 at 1.) He does so in hopes

4  that this would render Defendant eligible for a one-year sentence reduction, if he were to

5  successfully complete the Residential Drug Abuse Program ("RDAP"). (*See id.*) Alternatively,

6  Defendant asks that the Court recommend finding him eligible for 12 months of halfway house

7  time pursuant to the Second Chance Act, 18 U.S.C. § 3624. (*Id.*) The Government opposes. (*See*

8  Dkt. No. 1103.)

9         As a threshold matter, the Court notes that, in formulating Defendant's sentence, it

10  explicitly disregarded the applicability of the two-point gun enhancement. (*See* Dkt. Nos. 981 at

11  1, 1024 at 11–12.) Thus, because the Court never applied the enhancement, Defendant's request

12  to amend the PSR and/or SOR to remove it is moot.[1] The Court further notes that regardless of

13  whether Defendant completes RDAP, he would be ineligible for early release due to his

14  conviction under the felon in possession statute, 18 U.S.C. §§ 922(g)(1), 942(a)(2). *See* 28

15  C.F.R. § 550.55(b)(5)(ii). Therefore, the Court is unable to provide Defendant with the relief he

16  seeks, *i.e.*, an opportunity for a one-year reduction in sentence.

17        As to Defendant's request that the Court recommend his eligibility for 12 months of

18  halfway house time, the Court is further constrained, albeit less so. "The Bureau of Prisons has

19  the statutory authority to choose the locations where prisoners serve their sentence." *United*

20  *States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (citing 18 U.S.C. § 3621(b)). Nonetheless,

21  sentencing courts can (and frequently do) make non-binding housing recommendations. *See id.*

22

23  [1] A sentencing court "must—for any disputed portion of the presentence report or other
controverted matter—rule on the dispute or determine that a ruling is unnecessary either because

24  the matter will not affect sentencing, or because the court will not consider the matter in
sentencing." Fed. R. Crim. P. 32(i)(3)(B). In this case, the Court noted that it was "disregarding

25  the objection portions of the presentence report in formulating a sentence; thereby, dispensing of
the need to make specific findings on those objections." (Dkt. No. 1024 at 11) (sentencing

26  hearing transcript).

ORDER
CR18-0217-JCC-9
PAGE - 2

at 856 n.2. And contrary to the Government's assertion,[2] such recommendations can be made "*at any time*" as they do not constitute part of a defendant's sentence. *Id.* at 855, 856 n.2 (emphasis added). Similarly, the Second Chance Act grants BOP the authority to consider placing inmates nearing the end of their sentences in a halfway house or other community correctional facility. *See* 18 U.S.C. § 3624(c)(1). And in making this discretionary decision, BOP considers several factors, including "any statement by the court that imposed the sentence." *Id.* § 3621(b)(4).

Here, Defendant presents this Court with compelling reasons to recommend his eligibility under the Second Chance Act. According to his letter, Defendant has been "taking every program asked of [him] since the date of [his] arrest so that when [he is] released, [he] will be in the best possible position to be a productive, legitimate member of both [his] community and society." (Dkt. No. 1101 at 1.) He further states that he has "stayed out of trouble" for the five and a half years that he has served thus far, and that he hopes a halfway house placement will allow him to reunite with his two young daughters. (*Id.*) Finally, Defendant has accepted responsibility for his actions and has committed to "continue to make positive changes to every aspect of [his] life." (*Id.*)[3]

Based upon these representations, the Court hereby RECOMMENDS to the BOP that Defendant serve his final twelve (12) months of his sentence at a residential reentry center or halfway house. The Court emphasizes, however, that the ultimate decision to allow such placement rests within BOP's sole authority.

In sum, Defendant's motion (Dkt. No. 1101) is GRANTED in part and DENIED in part, as described above.

//

//

---

[2] The Government interprets Defendant's request as one to amend his judgment, making his request inappropriate and/or untimely. (Dkt. No. 1103 at 6–7.)

[3] The Court further notes that, had it not been bound by the statutory mandatory minimum in this case, it would have strongly considered a lower sentence for Defendant.

1       DATED this 26th day of April 2024.

2

3

4
_____

5
John C. Coughenour
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR18-0217-JCC-9
PAGE - 4