THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>JEROME ISHAM,<br><br>   Defendant. | CASE NO. CR18-0217-JCC-9<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 1113). Having thoroughly considered the briefing and the relevant record, the Court DENIES Defendant's motion for the reasons explained herein.

In November 2021, the Court sentenced Defendant to 120 months in the custody of the Bureau of Prisons ("BOP") and five years of mandatory supervised release after a jury convicted him of conspiracy to distribute controlled substances. (*See* Dkt. Nos. 859, 970, 980.)

On April 10, 2024, while working out, Defendant began experiencing back pain, discomfort in his chest, and numb legs. (Dkt. No. 1113 at 3.) On April 12, 2024, he was diagnosed with an acute epidural hematoma, acute back pain, and acute abnormal gait. (*Id.* at 3.) At the time, BOP's Health Services prescribed oral steroids and Tylenol to treat the pain. (*Id.* at 3–4.) The pain persisted and, on June 13, 2024, a BOP health clinic provider recommended surgical intervention, namely a laminectomy and decompression of Defendant's spinal cord,

followed by intense physical therapy, to treat his epidural hematoma. (*See id*. at 5.) Defendant underwent surgery on June 26, 2024. (*Id*.) Defendant continues to suffer back pain and contends that, had the BOP reacted more quickly to his back injury, his chance for a full recovery would have been much higher than it currently is now. (Dkt. No. 1126 at 1.) Moreover, Defendant argues that whatever chance he has left will continue to be compromised by what he describes as BOP's inadequate medical care. (*Id*. at 6.) Defendant moves for compassionate release "based on the gravity of [this] medical condition." (Dkt. No. 1113 at 1.)

The Court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies with BOP, extraordinary and compelling reasons warrant a reduction, and a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. The Court must also consider the factors articulated in 18 U.S.C. § 3553(a). *See* USSG § 1B1.13(a). Defendant bears the burden of making this showing. *See U.S. v. DeVore*, 2024 WL 3226683, slip op. at 1 (W.D. Wash. 2024).

While Defendant presents undisputed evidence of exhaustion,[1] (*see* Dkt. No. 1113 at 7–8; *see also generally* Dkt. No. 1113-1) (warden's denial of request for compassionate release), he fails to establish the extraordinary and compelling circumstances required for a reduction in sentence.[2] Defendant has not been diagnosed with a terminal illness or an illness that substantially diminishes his ability to care for himself in prison from which he is not expected to

---

[1] Defendant presented a request for compassionate release to the BOP facility's warden, which the warden promptly denied, and waited 30 days before seeking relief from the Court. (*See generally* Dkt. No. 1113-1.) The Government does not otherwise dispute that Defendant has satisfied the exhaustion requirement. (*See generally* Dkt. No. 1119.)

[2] Extraordinary and compelling medical reasons include: (1) suffering from a terminal illness; (2) suffering from a serious condition that substantially diminishes the ability of the defendant to provide self-care within a correctional facility and from which the defendant is not expected to recover; and (3) suffering from a medical condition that requires long-term specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death. *See* USSG § 1B1.13(b)(1).

recover. (*See generally id.*) And while Defendant does require long-term specialized medical care as a result of his back surgery—that is, a year of intense rehabilitation in the form of physical therapy sessions, (*see* Dkt. No. 1113 at 5)—he has been receiving this care on a weekly basis since his surgery. (*See* Dkt. No. 1121 at 147) (stating that Defendant has had 10 physical therapy sessions since surgery). In fact, over the course of these sessions, Defendant's pain levels have gone down from a six or seven out of ten to a three or four out of ten. (*See id.* at 119–23, 96–101, 85–87, 141–44) (notes from weekly physical therapy meetings in chronological order). BOP's Health Services even authorized eight more weekly sessions starting on September 3, 2024. (*See id.* at 147–48.) In addition, Defendant has or shortly will be transferred from FPC Yankton to a BOP medical facility for further care. (Dkt. No. 1126 at 7.)

The record does not otherwise suggest that Defendant is at risk of serious deterioration in health or death.[3] As such, not only is Defendant receiving prompt and adequate post-operation care, but the care is *working*—thus dispelling any notion that Defendant is at risk of serious deterioration in health or death. Defendant has not established the requisite extraordinary and compelling medical circumstances.

Accordingly, the Court DENIES Defendant's motion (Dkt. No. 1113).

//
//
//

---

[3] To be sure, Defendant does allege that "[h]ad the BOP medical staff acted quickly and within two weeks instead of 46 days to get Mr. Isham to his second MRI, his chances for a full recovery would have increased significantly. Instead, he has been told that he has a 50/50 chance of a full recovery." (*Id.* at 6.) However, Defendant provides no support for this assertion. Instead, he argues that the Government should have contacted the back specialist and/or the surgeon who performed his surgery for proof of this assertion. (*See* Dkt. No. 1126-1 at 6.) Unfortunately, this argument is fundamentally flawed, as it is Defendant who bears the burden of establishing extraordinary and compelling reasons justifying a reduction in his sentence. *See DeVore*, 2024 WL 3226683, slip op. at 1. Moreover, it fails to establish BOP's inability to provide adequate care *in the future*.

1   It is so ORDERED this 5th day of November 2024.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE